Eric J. Goodman (CA State Bar No. 210694)
**GOODMAN MOONEY, LLP**
3420 Bristol Street, Sixth Floor
Costa Mesa, California 92626
Telephone: (949) 622-0020
Facsimile:  (949) 622-0024
Email: *litigation@goodmanmooney.com*

Attorney for Plaintiff, ENZO & CO.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| ENZO & CO., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENSO TOOLS, LLC, an Ohio limited liability company; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**1. Infringement of Federally Registered Trademarks in Violation of 15 U.S.C. §1114**<br>**2. False Designation of Origin & Unfair Competition Under § 15 U.S.C. § 1125(a)**<br>**3. Cybersquatting Under 25 U.S.C. § 1125(d)**<br>**4. False Advertising Competition Under § 17500, et seq. of the California Business & Professions Code**<br>**5. Unfair Competition Under § 17200, et seq. of the California Business & Professions Code**<br>**6. Intentional Interference With Existing and Prospective Business Relations**<br>**7. Unjust Enrichment**<br>**8. Accounting** |

Plaintiff ENZO & CO., a California corporation ("Plaintiff"), files this Complaint and complains and alleges as follows against Defendant ENSO TOOLS, LLC, a California limited liability company ("ENSO" or "Defendant").

-1-
COMPLAINT

## NATURE OF CLAIMS

1. Plaintiff brings this action under Section 43 (15 U.S.C. § 1125) of the Lanham Act to secure damages and equitable relief against an active California limited liability company, its owners, directors, and registered agents, for engaging in trademark infringement and deceptive acts or practices in connection with the advertising, marketing and sale in the United States of insurance products sold under an infringing trademark by Defendants.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action and the claims asserted herein pursuant to 28 U.S.C. § 1331 ("federal question jurisdiction"), and § 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") because this action arises under the laws of the United States, and more specifically, is for trademark infringement and unfair competition under the Lanham Act.  This Court has subject matter jurisdiction over the claims arising under state law asserted herein pursuant to 28 U.S.C. § 1338(b) and § 1367 ("supplemental jurisdiction") in that they are so related to the federal law claims in the action that they form a part of the same case or controversy under Article III of the United States Constitution.

3. This Court also has original subject matter jurisdiction over this action and the claims asserted herein pursuant to 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction") in that this is a civil action between citizens of different States, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Defendants are subject to personal jurisdiction of the Court because they do or transact business, or are otherwise found and have purposefully availed themselves of the privilege of doing business in California and this District, including Orange County, by among other things, wrongfully using and infringing upon Plaintiff's trademark, wrongfully diluting Plaintiff's trademark, and

committing acts of unfair competition, in California and this District, as herein alleged.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims stated herein have occurred and are occurring within this District. Defendants have wrongfully used and infringed upon, and continue to wrongfully use and infringe upon, Plaintiff's trademark in this District, and have committed unfair competition and other acts in this District, and upon information and belief, are conducting and doing business in this District.

## THE PARTIES

6. Plaintiff ENZO & CO. was incorporated on or about December 19, 2008 under the laws of the State of California.

7. Plaintiff is a manufacturer of professional grade beauty tools such as hair and curling irons and is well known throughout the beauty industry.

8. Plaintiff is informed and believes and thereon alleges that Defendant ENSO TOOLS, LLC is a limited liability company which was incorporated on May 2, 2017, in the State of Ohio.

9. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that DOES 1 through 10, and each of them, are in some way associated with the named Defendants and/or are alleging similar claims of infringement against Plaintiff, and Plaintiff prays that their true names and capacities, when ascertained, may be incorporated by appropriate amendment.

10. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each and every Defendant was the agent, servant, employee, joint venturer, partner, subsidiary, and/or co-conspirator of each other Defendant, and that, in performing or failing to perform the acts herein alleged, each was acting

1  individually as well as through and in the foregoing alleged capacity and within the
2  course and scope of such agency, employment, joint venture, partnership, subsidiary
3  and/or conspiracy, and each other Defendant ratified and affirmed the acts and
4  omissions of the other Defendants.  Plaintiff is further informed and believes that
5  each Defendant, in taking the actions alleged herein and/or ratifying the actions
6  alleged herein, acted within the course and scope of such authority and, at the same
7  time, for their own financial and individual advantage, as well as in the course and
8  scope of such employment, agency and as an alter ego therein.

## GENERAL ALLEGATIONS

11. This is an action for declaratory judgment and other relief arising under the trademark laws of the United States, specifically, 15 U.S.C. § 1051 *et seq*. (the "Lanham Act"), and the statutes and common laws of the State of California.

12. Plaintiff was incorporated on or about December 19, 2008 under the laws of the State of California. Since at least 2003, Plaintiff has been marketing and selling beauty tools such as hair irons under the name ENZO MILANO®.

13. Plaintiff is an industry leader in the development, manufacture, and distribution of beauty tools such as hair irons and related products. It owns a family of trademarks registered with the U.S. Trademark Office including the following:

| Reg. No. | Trademark | Class: Goods/Services | First Use |
|---|---|---|---|
| 3762985 | **ENZO MILANO** | Class 9: Electric flat irons; Electric hair crimper; Electric hair curling irons; Electric hair straightening irons. | 7/30/2003 |
| 3999338 | ENZO MILANO (logo) | Class 9: Electric hair crimper; electric hair curling irons; electric hair straightener; electric hair straightening irons; flat irons, electric. | 6/30/2009 |
| 4007184 | ENZO MILANO (logo) | Class 9: Electric flat irons; electric hair crimper; electric hair curling irons; electric hair straightener; electric hair straightening irons. | 6/30/2009 |
| 4088573 | ENZO Authorized Dealer (logo) | Class 35: Retail store services featuring electric hair curling irons, straightening irons, flat irons, crimpers. | 6/28/2010 |

14. Through the creation and promotion of its specialized product line under the above-referenced family of marks ("ENZO Trademarks"), Enzo & Co. has built a prominent reputation in the beauty industry, and amongst customers seeking professional grade hair irons. Furthermore, as a result of Enzo & Co.'s extensive advertisement and promotion of the ENZO Trademarks, it has developed enormously valuable goodwill.

15. For more than the last 15 years, Plaintiff has extensively and continuously advertised, offered for sale, and sold insurance and other services to beauty professionals in its trade association in connection with the ENZO Trademarks. The ENZO Trademarks are distinctive in identifying Plaintiff as the source of its goods and services, and Plaintiff has built up extensive and enormously valuable goodwill and reputation in connection with the ENZO Trademarks.

16. As a result of Plaintiff's extensive, exclusive and continued use of the ENZO Trademarks in connection with the advertisement, distribution and sale of its beauty tools, hair irons, and related products as aforesaid, customers and consumers have come to recognize and identify the ENZO Trademarks as representative of quality beauty tools and related products provided by Plaintiff. The ENZO Trademarks have become a valuable asset of Plaintiff as well as a symbol of Plaintiff's goodwill and positive reputation.

17. Plaintiff is informed and believes and thereon alleges that on May 26, 2016, Star Beauty Plus Southgate, LLC applied to the U.S. Patent and Trademark Office for registration of the following design mark:



(the "ENSO Design Mark").

18. Plaintiff is informed and believes and thereon alleges that sometime after the application for registration of the ENSO Design Mark, Star Beauty Plus Southgate, LLC transferred and assigned the application to Defendant.

19. On April 24, 2018, the U.S. Patent and Trademark Office issued Registration No. 5454148 for the ENSO Design Mark.

20. Plaintiff is informed and believes and thereon alleges that commencing on or about May 2, 2017, the date of first use claimed by Defendant for the ENSO Design Mark, Defendants, and each of them, have used and are using a mark confusingly similar to Plaintiff's mark to advertise, sell, and provide its insurance services via, *inter alia,* the Internet in the jurisdiction of this Court and in interstate commerce.

21. The conduct of Defendants as set forth above may have confused, misled, and deceived customers, and may continue to confuse, mislead, and deceive such customers, into wrongly believing that Defendants' hair styling products are affiliated with, connected with, associated with, sponsored by, endorsed by, administered by, supervised by, or otherwise connected with Plaintiff.

22. Plaintiff is informed and believes and thereon alleges that Defendants are infringing on Plaintiff's federal statutory and common law trademark rights by continuing to offer for sale, infringing beauty tool products sold under the ENSO TOOLS word mark as well as the ENSO Design Mark (collectively referred to as the "ENSO Marks"), and promoting and advertising said beauty tool products with the use of the ENSO Marks contained on packaging, on various websites, an on other advertising and marketing materials.

## FIRST CLAIM FOR RELIEF
### (Infringement of Federally Registered Trademarks in Violation of 15 U.S.C. §1114 Against All Defendants)

23. Plaintiff realleges each and every factual allegation set forth in Paragraphs 1 through 22, inclusive, and incorporates them by reference herein.

24. Defendants, and each of them, are likely to cause confusion, mistake and deception among the relevant purchasing public, and their conduct interferes with the ability of Plaintiff to use its mark to indicate a single quality source of goods and products. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, will continue to violate the trademark of Plaintiff unless enjoined from doing so. Plaintiff has been, and continues to be, irreparably injured as a result of the infringing activities of Defendants, and each of them, and has no adequate remedy at law. Plaintiff is therefore entitled to a permanent injunction against further infringing conduct by Defendants, and each of them.

25. Plaintiff is informed and believes, and on that basis alleges, that Defendants acted with the intent to unfairly compete against Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products and/or services are associated with, sponsored by or approved by Plaintiff, when they are not.

26. Plaintiff is informed and believes, and on that basis alleges, that Defendants have knowledge of Plaintiff's ownership and prior use of the ENZO Trademarks, and without the consent of Plaintiff, has willfully violated Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27. Defendants' actions have injured and damaged Plaintiff in an amount to be determined at trial.

28. By its actions, Defendants have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) Against All Defendants)**

29. Plaintiff realleges each and every factual allegation set forth in Paragraphs 1 through 28, inclusive, and incorporates them by reference herein.

30. The conduct of Defendants, and each of them, as alleged herein, constitutes false designation of origin, unfair competition and false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

31. Without Plaintiff's consent Defendants have created and will create a false designation of origin by using in commerce the ENSO Marks and/or other marks confusingly similar to Plaintiff's ENZO Trademarks in connection with the sale and promotion of Defendants' beauty tools and related products, thereby causing a likelihood of confusion and actual confusion, mistake or deception as to an affiliation, connection or association with Plaintiff or to suggest Plaintiff as the origin of the goods and/or services, or that Plaintiff has sponsored or approved of Defendants' commercial activities.

32. Defendants, and each of them, have profited and are profiting by such infringement, and Plaintiff has been damaged, and is being damaged, by such infringement. Plaintiff is therefore entitled to recover damages from Defendants, and each of them, in an amount to be proved at trial as a consequence of the infringing activities by Defendants, and each of them, as aforesaid.

33. The aforesaid wrongful conduct by Defendants, and each of them, has been willful, wanton, and malicious, and done with an intent to deceive. Plaintiff is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1125.

### THIRD CLAIM FOR RELIEF
### (Cybersquatting Under 25 U.S.C. § 1125(d))

34. Plaintiff realleges each and every factual allegation set forth in Paragraphs 1 through 33, inclusive, and incorporates them by reference herein.

35. This is a federal anticybersquatting claim arising under 15 U.S.C. § 1125(d).

-8-
COMPLAINT

36. Defendants have acted with a bad faith intent to profit from Plaintiff's ENZO Trademarks which are protected under the Lanham Act 15 U.S.C. § 1051, et seq.

37. Defendants have registered and used the domain name "ensotools.com" incorporating one or more of Plaintiff's ENZO Trademarks, which were distinctive at the time of Defendants' domain name registration(s) and use.

38. Plaintiff's use of the ENZO Trademarks began prior to any use by Defendants of the domain name "ensotools.com."

39. Defendants have no legitimate trademark or other intellectual property rights in the domain name "ensotools.com."

40. Upon information and belief, Defendants intends for purposes of commercial gain, to divert customers from Plaintiff's website to Defendants' "ensotools.com" website, and such diversion of customers will harm the goodwill represented by Plaintiff's ENZO Trademarks by creating a likelihood of confusion and actual confusion as to the source, sponsorship, affiliation or endorsement of Defendants' "ensotools.com" website.

41. Defendants did not and do not have reasonable grounds to believe, and upon information and belief, did not believe, that its use of the "ensotools.com" domain name was fair use or otherwise lawful.

## FOURTH CLAIM FOR RELIEF

### (False Advertising Under *Business & Professions Code* §§ 17500 and 17535 Against All Defendants)

42. Plaintiff realleges each and every factual allegation set forth in Paragraphs 1 through 41, inclusive, and incorporates them by reference herein.

43. The acts of Defendants, and each of them, as alleged herein constitute the use of deceptive, untrue, and misleading advertising, of which Defendants, and each of them, knew or should have known, thereby impairing the goodwill of Plaintiff and otherwise adversely affecting the business and reputation of Plaintiff.

These acts constitute false advertising under California *Business and Professions Code* §§ 17500 and 17535, and California common law.

44. Money damages will not adequately remedy the injuries to Plaintiff, and Plaintiff is therefore entitled to injunctive relief prohibiting Defendants, and each of them, from continuing such acts of false and misleading advertising. Plaintiff is also entitled to damages, according to proof at trial, including but not limited to Defendants' profits, as well as Plaintiff's costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under *Business & Professions Code* § 17200, *et seq.* Against All Defendants)

45. Plaintiff realleges each and every factual allegation set forth in Paragraphs 1 through 44, inclusive, and incorporates them by reference herein.

46. The ENZO Trademarks are wholly associated with Plaintiff due to its extensive use thereof, and as such, Plaintiff is deserving of having its marks adequately protected with respect to the conduct of its business.

47. By their acts and omissions as set forth herein, Defendants, and each of them, are making false claims about the source, origin, affiliation, sponsorship, or approval of beauty tools such as hair irons and related products. In addition, upon information and belief, Defendants, and each of them, are making other false claims as to the quality and characteristics of their beauty tools and related products, as alleged above, placing Plaintiff at an unfair disadvantage.

48. As a direct and proximate result of the conduct of Defendants, and each of them, as aforesaid, Defendants, and each of them, have committed and are continuing to commit unlawful, unfair, and fraudulent business acts, in violation of, *inter alia,* California *Business & Professions Code* § 17200, *et seq.*

49. The acts of unfair competition by Defendants, and each of them, as alleged above have caused, and will continue to cause, damage and irreparable harm to Plaintiff and to the goodwill symbolized by and associated with Plaintiff's well-

known ENZO Trademarks, unless preliminarily enjoined and restrained by the Court.

50. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have profited, and are continuing to profit, by such unfair conduct. Plaintiff is therefore entitled to recover restitution in the form of the profits of Defendants, and each of them, in an amount to be proved at trial as a consequence of Defendants' wrongful activities.

## SIXTH CLAIM FOR RELIEF

### (Intentional Interference With Existing and Prospective Business Relations Against All Defendants)

51. Plaintiff realleges each and every factual allegation set forth in Paragraphs 1 through 50, inclusive, and incorporates them by reference herein.

52. Plaintiff maintains ongoing economic relationships with many of its customers which result in ongoing economic benefits to Plaintiff. The hallmark of these economic relationships are the trust that Plaintiff's customers repose in the superior quality of Plaintiff's hair irons and other beauty tools sold under the ENZO Trademarks, and the stellar reputation for superior quality that products bearing the ENZO Trademarks enjoy in the beauty industry.

53. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, were well aware of these relationships at all times herein mentioned.

54. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, began marketing and selling inferior curling irons and other beauty tools under the ENSO Marks knowing that this was certain, or substantially certain, to disrupt Plaintiff's relationships with these customers and tarnish its stellar reputation in the beauty industry for making superior products.

55. Defendants' use of the ENSO Marks have substantially disrupted, and will continue to substantially disrupt, Plaintiff's relationships with its customers and

potential customers.

56. Plaintiff has been harmed by these acts of Defendants in such sums according to proof.

## SEVENTH CLAIM FOR RELIEF
### (Unjust Enrichment Against All Defendants)

57. Plaintiff realleges each and every factual allegation set forth in Paragraphs 1 through 56, inclusive, and incorporates them by reference herein.

58. The conduct of Defendants, and each of them, in selling beauty tools bearing one or more of the ENSO Marks, have secured, and will secure, value to Defendants which unjustly enriches Defendants to the detriment of Plaintiff. By its Complaint, Plaintiff requests the disgorgement of all value unjustly earned or retained by Defendants.

59. As a legal result of its conduct in selling beauty tools bearing one or more of the ENSO Marks, Defendants have been unjustly enriched and, at the same time, are causing a loss of revenue to Plaintiff to its detriment.

60. Plaintiff is entitled to recover from Defendants, and each of them, their unjust enrichment including gains, profits and advantages they have obtained as a result of its wrongful acts as hereinabove alleged. Plaintiff at present is unable to ascertain the full extent of Defendants' unjust enrichment including gains, profits, and advantages obtained by reason of the aforesaid wrongful conduct.

## EIGHTH CLAIM FOR RELIEF
### (Accounting Against All Defendants)

61. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 60, inclusive, and incorporates them by reference herein.

62. As alleged hereinabove, Plaintiff has an interest in all monies generated from the exploitation of its exclusive rights to the ENZO Trademarks.

63. Plaintiff informed and believes and thereon alleges that Defendants, and each of them, have generated an undetermined yet substantial amount of money

by virtue of their unlawful commercial exploitation of one or more of Plaintiff's ENZO Trademarks.

64. The amount of money due from Defendants is unknown to Plaintiff and cannot be ascertained without an accounting of all of Defendants' financial records related to the sales generated through their infringing and unlawful activities.

65. As a result of Defendants' actions, or lack thereof, Plaintiff has been damaged in an amount to be proven after an accounting has been conducted. Accordingly, Plaintiff hereby requests that the Court order an accounting of all of Defendants' financial records related to the infringing activities in order to determine the sums rightfully due to Plaintiff. Furthermore, Plaintiff demands that those sums be paid to it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to award Plaintiff the following relief:

    A.    That the Court render a final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

    B.    That Defendants' actions be deemed willful;

    C.    That the Court render a final judgment declaring that Defendants have violated and willfully violated the provisions of 15 U.S.C. § 1114 by infringing Plaintiff's rights in its federally registered ENZO Trademarks;

    D.    That the Court enter a final judgment declaring that Defendant has violated and willfully violated the provisions of 15 U.S.C. § 1125(a) by falsely designating the origin of Defendant's products and unfairly competing with Plaintiff through marketing, sale and promotion of Defendant's goods and services using marks that are confusingly similar to the ENZO Trademarks;

    E.    That the Court render a final judgment declaring that Defendants have violated and willfully violated the provisions of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. §§ 1125(d), by registering and using, with the bad faith

intent to profit from, the domain name "ensotools.com" which is confusingly similar to Plaintiff's its federally protected ENZO Trademarks;

  F. That the Court render a final judgment declaring that Defendants have violated California Business and Professions Code §§ 17200, et seq. by unfairly competing with Plaintiff;

  G. That the Court render a final judgment declaring that Defendants have violated California Business and Professions Code §§ 17500 and 17535, et seq. by using the ENSO Marks which are confusingly similar to the Plaintiff's ENZO Trademarks to falsely advertise and sell Defendants' competing products;

  H. That the Court render a final judgment declaring Defendants have violated California common law by infringing Plaintiff's rights its ENZO Trademarks;

  I. That the Court render a final judgment declaring Defendants have violated California common law by unfairly competing with Plaintiff;

  J. That the Court render a final judgment declaring Defendants have violated California common law by intentionally interfering with Plaintiff's existing and prospective business relations;

  K. That Defendants, their agents, servants, employees, attorneys, successors, and assigns, including officers and principals of each Defendant, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

    1. using to market, advertise, promote, distribute, sell, offer for sale, and/or identify Defendant's goods and/or services under the ENZO Marks or any other mark that is confusingly similar to any of the ENZO Trademarks, or is likely to create the erroneous impression that Defendants' goods or services originate from Plaintiff, are endorsed by Plaintiff, or are connected in any way with Plaintiff;

    2.    advertising, marketing, promoting, transferring, selling, and/or offering to sell goods and/or services under the ENSO Marks or any other mark confusingly similar to Plaintiff's ENZO Trademarks;

    3.    registering, owning, and/or using the domain name "ensotools.com" and/or any other domain name that is confusingly similar to Plaintiff's ENZO Trademarks;

    4.    filing any applications for registration of any trademarks or service marks confusingly similar to Plaintiff's ENZO Trademarks;

    5.    otherwise infringing any of Plaintiff's ENZO Trademarks;

    6.    falsely designating the origin of Defendant's goods or services;

    7.    unfairly competing with Plaintiff in any manner whatsoever; and

    8.    causing a likelihood of confusion or injury to Plaintiff's business reputation.

L.    That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

M.    That ownership of the "ensotools.com" domain name be transferred to Plaintiff;

N.    That Defendants be required to delivery and destroy within thirty (30) days all devices, literature, advertising, packaging, goods and other materials bearing the infringing trademarks pursuant to 15 U.S.C. § 1118;

O.    That Defendant be required to account to Plaintiff for any and all profits derived by Defendants and all damages sustained by Plaintiff by virtue of Defendants' acts complained of herein;

P.    That Defendants be ordered to pay to Plaintiff all damages sustained as a consequence of the acts complained of herein, subject to proof at trial;

Q.    That Defendants be ordered to pay to Plaintiff statutory damages in the

-15-
COMPLAINT

amount of $2,000,000 based on the willful infringement of Plaintiff's registered ENZO Trademarks, 15 U.S.C. § 1117(c);

R.  That Plaintiff be awarded damages including disgorgement of Defendants' profits due to its infringement, pursuant to 15 U.S.C. § 1117, together with prejudgment and post-judgment interest;

S.  That Defendants be ordered to pay to Plaintiff statutory damages in the amount of $100,000, pursuant to 15 U.S.C. § 1125(d), for registering and using, with the bad faith intent to profit from, the domain name "ensotools.com" which is confusingly similar to the Plaintiff's distinctive ENZO Trademarks;

T.  That this case be deemed exceptional and that the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, and that Plaintiff be awarded its attorneys' fees and costs, pursuant to 15 U.S.C. § 1117 and 18 U.S.C. § 1964(c);

U.  That the Defendants be required to pay the Plaintiff's costs, expenses, and reasonable attorney fees in connection with this action;

V.  That Plaintiff recover punitive damages and costs and attorney's fees under California law.

W.  That Plaintiff recover exemplary damages pursuant to California Civil Code § 3294;

X.  That interest be awarded on all applicable damages under California Civil Code § 3288; and

Y.  For such other and further relief as this Court may deem just and proper.

Dated: January 25, 2019      GOODMAN MOONEY, LLP

By: *Eric Goodman*
Eric J. Goodman, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff ENZO & CO. hereby demands a trial by jury on all issues raised by the Complaint that are triable by jury.

Dated: January 25, 2019

GOODMAN MOONEY, LLP

By: *Eric Goodman*
Eric J. Goodman, Esq.
Attorneys for Plaintiff